UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ALFONSO REYNA,<br><br>Petitioner,<br><br>v.<br><br>THERESA CISNEROS, Warden,<br><br>Respondent. | No.  2:22-cv-2295 KJN P<br><br><br><br>ORDER |

   Petitioner is a state prisoner, proceeding through appointed counsel.  Petitioner renews his motion to have respondent lodge the state court records or, in the alternative, to authorize the copying expense required for petitioner's counsel to have the record photocopied by a vendor.  As discussed below, petitioner's motion is granted.

   Petitioner's counsel demonstrates that the state court record is unavailable from petitioner's appellate counsel, as well as counsel's diligence in seeking alternative methods by which to obtain the record, including requesting that the office of the Attorney General voluntarily provide the transcripts and seeking advice from the Federal Defender's CJA representative.  (ECF No. 13.)  The vendor used by the Federal Defender's office does not accept copy jobs of this size, and after contacting eight other vendors, estimates that the photocopy expense would likely be $875.00.

////

As now argued by petitioner, Rule 4 of the Rules Governing Section 2254 Cases and Section 2255 Proceedings provides that once the court has determined the petition is not plainly unmeritorious, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Id.  Further, Local Rule 190(f) recommends that the Attorney General should, if possible, file habeas corpus transcripts and other state court records in electronic format.  Id.

The undersigned reviewed the original petition and because the petition was not plainly lacking in merit, appointed counsel to represent petitioner.  Petitioner's counsel demonstrated unusual circumstances preventing his ability to obtain the state court record in order to prepare the amended petition.  Because petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, and in order to avoid further delay and perhaps enable the record to be electronically filed, respondent is directed to lodge the state court record.  Respondent's obligation to respond is suspended pending the filing of petitioner's amended habeas petition.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's renewed ex parte motion (ECF No. 13) is granted.

2. Respondent is directed to lodge all relevant transcripts and other documents, including the record on appeal, the appellate briefs, the petition for review, and the California Supreme Court denial (No. S273318) from the underlying appeal to the California Court of Appeal in California Court of Appeal No. C090267.  See Rule 5, 28 U.S.C. foll. § 2254.

3. Petitioner shall file an amended petition sixty days after the record is lodged.

4. Respondent shall file a response sixty days after the amended petition is filed.

5. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

6. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter.

////

////

7. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Tami Krenzin, Supervising Deputy Attorney General.

Dated:  July 25, 2023

/reyn2295.100.tr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE