UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ALFONSO REYNA,<br><br>Petitioner,<br><br>v.<br><br>THERESA CISNEROS,<br><br>Respondent. | No. 2:22-cv-2295 KJM CSK P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding with counsel, filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 5, 2025, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner filed objections to the findings and recommendations. (ECF No. 41.) Respondent filed a response. (ECF No. 44.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The court also has considered whether to issue a certificate of appealability in light of petitioner's briefing provided with his objections. Regarding the questions petitioner raises with

1 | respect to claim 1, based on the evidence of petitioner's prior robbery conviction introduced at the
2 | beginning of his trial and the limiting instruction provided twenty-eight days later, the magistrate
3 | judge addressed this claim as an attempt to portray a legal decision about state evidentiary law as
4 | a determination of fact. *See* F&Rs at 11-12. The state courts found the evidence about the prior
5 | robbery was admissible as evidence relevant to petitioner's intent, rejecting the argument that the
6 | evidence was actually a dispute about identity and subject to a higher standard of admissibility
7 | under state law. *Id.* at 8-9.  Whether to apply one state law admissibility standard or another, and
8 | whether relevant evidence is nonetheless inadmissible due to its prejudicial effects, is not a
9 | dispute about federal law, nor a factual finding.  Because "habeas relief is not available for an
10 | alleged error in the interpretation or application of state law," *id.* at 12, the magistrate judge
11 | appropriately turned to determining what federal constitutional right could support this claim.

12 | The federal right in question is the due process right the Supreme Court reaffirmed in
13 | *Andrew v. White*, i.e., that when "evidence is introduced that is so unduly prejudicial that it
14 | renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment
15 | provides a mechanism for relief." 604 U.S. 86, 88 (2025) (per curiam) (quoting *Payne v.
16 | Tennessee*, 501 U.S. 808, 825 (1991)).  Here, even if the evidence about the prior robbery were
17 | unduly prejudicial, a reasonable jurist could decide the trial overall still was fundamentally
18 | fair.  Thus, the state court decision survives AEDPA review.  The court declines to grant a
19 | certificate of appealability on claim 1.

20 | Regarding petitioner's claim 2, ineffective assistance of counsel, petitioner makes two
21 | separate arguments. First, he argues his trial attorney was ineffective for failing to ask the trial
22 | judge to recuse from the hearing on his motion to exclude Goins's testimony. Second, petitioner
23 | argues his attorney was ineffective for failing to ask the judge to recuse from the trial as a whole.
24 | With respect to the motion hearing recusal claim, the magistrate judge fairly determined the state
25 | appellate court addressed this ineffective assistance argument squarely and found no ineffective
26 | assistance. In the state court's view, there was no reasonable probability of recusal from the
27 | hearing and no improper conduct by the judge. Petitioner's trial lawyer cannot have been
28 | ineffective by failing to file a motion with no reasonable probability of success and no underlying

misconduct. At a minimum this conclusion is a reasonable interpretation of the record and a reasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984) under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  Petitioner argues the state court unreasonably interpreted the record because Goins testified at petitioner's trial that Goins did not actually decide to plead guilty until after he spoke with the trial judge. But after Goins gave his testimony, petitioner's lawyer and the prosecution stipulated that Goins already had decided to change his plea before he spoke with the judge, and that the only uncertainty was whether Goins could get out of the county jail if he pleaded guilty.  Petitioner disagrees now with this stipulation, but he does not argue his lawyer was ineffective for entering into it.  Viewed as a whole, the record does not support a conclusion the state court interpreted the factual record unreasonably. While the magistrate judge here did not address Goins's trial testimony about his plea and the stipulation, this court has considered that part of the record.  *See* Rep. Tr. Vol II at 495-99, 511-15, 521-27.  The court declines to issue a certificate of appealability on this aspect of petitioner's claim 2.

Regarding petitioner's second argument, that his lawyer was ineffective for failing to ask the state court trial judge to recuse from the trial as a whole, the magistrate judge here as well construes the state appellate court's opinion as addressing this argument "squarely."  F&Rs at 17 n.4.  This court concludes the relevant portion of the opinion is ambiguous. *See id.* at 13–15.  The magistrate judge presumed in the alternative that the state appellate court reached petitioner's broader recusal argument, citing the California Supreme Court's decision. *See id.* 17-18 n.4.  Under *Harrington v. Richter*, "when a state court issues an order that summarily rejects without discussion all the claims raised by a defendant, including a federal claim that the defendant subsequently presses in a federal habeas proceeding, the federal court must presume (subject to rebuttal) that that federal claim was adjudicated on the merits." *Johnson v. Williams*, 568 U.S. 289, 293 (2013) (emphasis omitted) (citing 562 U.S. 86 (2011)).  Under *Johnson*, the same rule applies "when the state court addresses some of the claims raised by a defendant but not a claim that is later raised in a federal habeas proceeding." *Id.*  Petitioner argues a different standard applies when a state court addresses one federal constitutional claim but not another, citing *Echavarria v. Filson*, 896 F.3d 1118, 1129-30 (9th Cir. 2018).  *Echavarria* applied the

3

*Harrington*/*Johnson* presumption and found the presumption had been rebutted. *See* 896 F.3d at 1130 ("The [state court's] reasoning in denying [the petitioner's] second and third habeas petitions makes clear that it decided only whether the judge was actually, subjectively biased," i.e., not whether there was an "intolerable risk of bias"). Here, petitioner has not rebutted the presumption that the state court addressed his broader recusal argument on the merits. He has not done so in part given this court's reading of the state court's opinion as ambiguous. Moreover, if the judge was not required to recuse from the hearing, as reviewed above, then it is difficult to see how the judge also was not required to recuse from the broader trial. The result would be the same if this court reviewed the matter de novo. It was undisputed at trial that Goins had decided to plead guilty before he spoke with the trial judge. Petitioner disagrees, and Goins's testimony at trial might have suggested the judge's comments played a role in his decision. But as noted above, petitioner's trial attorney stipulated on his behalf that Goins had already decided to plead guilty before he spoke with the judge and cannot have been expected to argue bias in these circumstances. The court declines to issue a certificate of appealability with respect to petitioner's claim 2.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 36) are adopted with the clarifications provided above;

2. Petitioner's application for a writ of habeas corpus (ECF No. 28) is denied; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED:  December 29, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE